In 2014, the plaintiff was indicted on nine counts of rape of a child, one count of forcible rape of a child, one count of assault with intent to rape, two counts of indecent assault and battery on a person fourteen years or older, and one count of assault and battery by means of a dangerous weapon. The charges involved multiple child victims, including one who was as young as "five or six" years old when the assaults began. The assaults took place over approximately a ten-year period from 1996 (the year the plaintiff turned ten) and 2006 (the year he turned twenty).
In 2015, the plaintiff pleaded guilty to three counts of indecent assault and battery on a person fourteen years or over, with the remaining indictments nolle prossed. Later that year, the Sex Offender Registry Board (SORB) notified the plaintiff that it intended to classify him as a level three sex offender. Following the evidentiary hearing requested by the plaintiff, a hearing examiner rejected SORB's proposed level three classification and instead classified him as a level two sex offender. Arguing that he should have been classified as, at most, a level one sex offender, the plaintiff appealed pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14. A Superior Court judge affirmed the level two classification. On the plaintiff's further appeal, we affirm the judgment.
In arguing that he presented only a low risk of reoffending, the plaintiff relies in great part on the report and testimony of Dr. Deane Zarvis, a psychologist. "The opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 112 (2014), quoting Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 637 (2011). We disagree with the plaintiff's suggestion that the hearing examiner "simply disregard[ed]" Dr. Zarvis's opinion. To the contrary, the hearing examiner agreed with some of Dr. Zarvis's "clinical impressions," which in part explains why the hearing examiner rejected the proposed level three classification. To the extent that the hearing examiner rejected Dr. Zarvis's conclusions, he gave detailed, sound reasons for doing so. As but one example, the hearing examiner pointed out that Dr. Zarvis based his evaluation in part on the understanding that the victims of the sexual assaults all were over the age of fourteen (apparently relying on the charges to which the plaintiff ultimately pleaded guilty), an understanding that demonstrably is inaccurate. We discern no error in the hearing examiner's declining to give Dr. Zarvis's opinion the weight that the plaintiff had sought.
We are unpersuaded by the plaintiff's remaining arguments. The hearing examiner appropriately considered the applicable high-risk and risk-elevating factors,[2] in addition to three risk-mitigating factors,[3] in determining what level of risk was presented. The rapes and other sexual assaults took place over an extended period of time and involved multiple victims.[4] The extent to which the plaintiff poses a risk of reoffending is subject to some reasonable debate, but the plaintiff has not shown that in addressing that question, the hearing examiner misapplied the applicable mandatory factors.[5] See Doe, Sex Offender Registry Bd. No. 68549, 470 Mass. at 109-110, quoting G. L. c. 30A, § 14 (7) ("A hearing examiner has discretion ... to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor ... [and] a reviewing court is required to 'give due weight to [the examiner's] experience, technical competence, and specialized knowledge' "). Further, although the hearing examiner provided only a summary discussion of his conclusion that the plaintiff posed a moderate level of dangerousness, we consider that conclusion largely self-evident in light of the horrific nature of the sex offenses at issue here. In our view, the plaintiff has failed to show that the hearing examiner's decision was unsupported by clear and convincing evidence, or that the hearing examiner failed to provide an adequate explanation of his thinking. See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015).
To the extent the plaintiff argues that the hearing examiner not only was required to determine that he posed a moderate level of dangerousness, but also specifically that he was required to find that Internet dissemination of his registration information serves a public safety interest, we are unpersuaded.[6] We likewise discern no merit in the plaintiff's argument that the publication of his sex offender registration information on the SORB Web site is unconstitutional. See Moe v. Sex Offender Registry Bd., 467 Mass. 598, 615-616 (2014).
Judgment affirmed.

He applied aggravating weight to the two high-risk factors he considered (Factors 2 and 3 ), as well as several of the risk-elevating factors (Factors 7, 18, and 22). The hearing examiner also appears to have given full-weight to Factor 19, level of physical contact, indicating that the plaintiff penetrated the victims both vaginally and orally. The plaintiff argues that the hearing examiner erroneously and unfairly applied Factor 23, victim access, due to his concerns about the "teenage friends [of the plaintiff's children] who the [plaintiff] is likely to have access to." We discern no error in the hearing examiner's analysis of this factor and, in any event, the hearing examiner gave it only "some weight."

The hearing examiner gave "full mitigating weight" to Factors 28 and 33, and gave "mitigating consideration" to Factor 34.

The plaintiff maintains that the hearing examiner improperly credited there being four, not three, victims. The evidence of a fourth child victim being sexually assaulted was two eyewitness accounts of the assaults set forth in police reports. These accounts included sufficient "indicia of reliability" such that there was no error in the hearing examiner's reliance on them (even though the police apparently did not interview the fourth victim or charge the plaintiff with sexually assaulting her). See Doe, Sex Offender Registry Bd. No. 10800, 459 Mass. at 638-639. In any event, we see little consequence to whether there were four child victims or "merely" three.

The plaintiff argues that although he committed a multitude of sex offenses, the hearing examiner could not consider his offenses "repetitive and compulsive" because he was a juvenile offender who ceased his offending before his offenses were detected. The applicable regulations in fact recognize this principle. See 803 Code Mass. Reg. § 1.33(2)(c) (2016). However, as the hearing examiner pointed out, the plaintiff could not make use of that safe harbor, because he continued to offend after he became an adult. See id. at § 1.33(2)(a).

We acknowledge that this issue is currently before the Supreme Judicial Court. See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., SJC-12594. Oral argument in that case is scheduled for February 5, 2019. The plaintiff in our case filed a motion seeking to stay his appeal pending the Supreme Judicial Court's resolution of that case. On our own initiative, we have reviewed the party briefs in John Doe No. 496501, which involved noncontact sex offenses. We deny the plaintiff's motion to stay.